[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Robert Miller appeals the judgment of the trial court affirming a decision of the Unemployment Compensation Review Commission. The commission had denied Miller's claim for unemployment benefits by concluding that his employment with Central Community Health Board (CCHB) had been terminated for just cause because Miller had manipulated and lied to a client in order to cause trouble for Miller's immediate supervisor.
In a single assignment of error, Miller asserts that the trial court erred by affirming the decision of the commission. The standard of review employed by this court is the same used by the common pleas court. We may reverse the commission's determination of "just cause" only if the decision was "unlawful, unreasonable, or against the manifest weight of the evidence." Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Serv. (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of syllabus.
Miller claims that the commission's hearing officer gave improper weight to hearsay evidence in determining that Miller's employment was terminated for just cause. Miller, Miller's supervisor, and a client-rights officer testified that the three of them had been present at a meeting where the client admitted that the only reason he had signed a complaint against Miller's supervisor was because Miller had told him that Miller would lose his job if the client did not lodge the complaint. While Miller's testimony corroborated the testimony of his supervisor and the client-rights officer about the occurrence of the meeting, Miller denied that he had ever made the statement attributed to him by the client. Miller now complains that, without direct testimony from the client, the hearing officer should not have given weight to the client's hearsay statement.
Recently, this court noted that, while a hearing officer may consider evidence that might constitute inadmissible hearsay, the majority of courts "have concluded that it is unreasonable for a hearing officer to give more credence to uncorroborated hearsay evidence than to sworn testimony." Mason v. Administrator, Ohio Bur. of Emp. Serv. (April 7, 2000), Hamilton App. No. C-990573, unreported. But we were unwilling to hold that such a rule "would, under any set of facts, preclude an administrative agency from concluding that a sworn witness's testimony is not credible, or that evidence bearing certain indicia of reliability and credibility cannot outweigh the sworn testimony of a witness." Id.
As a reviewing court, we are not permitted to make factual findings or to determine the credibility of witnesses. See Tzangas, supra, at 696,653 N.E.2d at 1210. The hearing officer in this case was in the best position to determine the credibility of the witnesses. It is clear from the record that the hearing officer found Miller's denial of the statement to his client to be incredible. Furthermore, the testimony of the employer's witnesses, as well as Miller's own testimony about his actions in orchestrating the grievance proceedings against his supervisor, provided indicia of reliability to support the hearing officer's determination.
We cannot say that the decision of the commission was unlawful, unreasonable or against the manifest weight of the evidence. Therefore, we overrule Miller's assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.